# UNITED STATES BANKRUPTCY COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| In re: | ) Chapter 7 |
| | ) Case No. 08-28226, *et al.* |
| LANCELOT INVESTORS FUND II, L.P., | ) (Jointly Administered) |
| | ) |
| Debtor. | ) Hon. Jacqueline P. Cox Presiding |
| | ) **Hearing: December 17, 2019 at 9:30 a.m.** |

## NOTICE OF MOTION

**TO: ATTACHED SERVICE LIST:**

PLEASE TAKE NOTICE that on **December 17, 2019, at 9:30 a.m.**, or as soon thereafter as counsel may be heard, we shall appear before the Honorable Jacqueline P. Cox or any other judge sitting in her stead in Room 680 of the United States Bankruptcy Court for the Northern District of Illinois, located at 219 South Dearborn Street, Chicago, Illinois, and then and there present the attached **Trustee's Motion to Authorize Second Interim and Partial Distribution to Creditors and for Compensation to Trustee Under Section 326(A)**, at which time and place you may appear if you see fit.

                                              RONALD R. PETERSON, as Chapter 7 Trustee for Lancelot Investors Fund II, L.P.,

                                              *BY:*       /s/ *Ronald R. Peterson*
                                                            Ronald R. Peterson

Ronald R. Peterson (2188473)
Landon S. Raiford (6297473)
JENNER & BLOCK LLP
353 North Clark Street
Chicago, Illinois 60654
PH:    312/222-9350
FAX:  312/527-0484

*Attorneys for the Trustee*

Dated: November 21, 2019

## CERTIFICATE OF SERVICE

I, Ronald R. Peterson, an attorney, hereby certify that on November 21, 2019, copies of the **Trustee's Motion to Authorize Second Interim and Partial Distribution to Creditors and for Compensation to Trustee Under Section 326(A)** and the related **Notice of Motion** were served as indicated on the attached Service List.

                                                  */s/Ronald R. Peterson*
                                                    Ronald R. Peterson

**Service List**
**(08-28226)**

**VIA ECF Notification:**

- Nancy G Everett    neverett@winston.com, ECF_Bank@winston.com
- Jeffrey L. Gansberg    jgansberg@muchshelist.com
- Andrew Jones    andrew@ajoneslaw.com
- Michael J La Mare    mlamare@sidley.com
- Patrick S Layng    USTPRegion11.ES.ECF@usdoj.gov
- Joanne Lee    jlee@foley.com
- Ronald Peterson    rpeterson@jenner.com, lraiford@jenner.com,PJacobs@jenner.com
- Ronald R Peterson    rpeterson@jenner.com, rpeterson@ecf.axosfs.com;docketing@jenner.com
- Michael J. Small    msmall@foley.com, thardy@foley.com;DocketFlow@foley.com
- James B. Sowka    jsowka@seyfarth.com, chidocket@seyfarth.com;ctholen@seyfarth.com;Jennifer-McManus-1834@ecf.pacerpro.com
- Kelley Tibble    akaton@reedsmith.com
- Richard G. Ziegler    rziegler@mayerbrown.com, courtnotification@mayerbrown.com
- Jonathan Zinman    jzinman@soluslp.com

**VIA U.S. First Class Mail:**

ADK Soho Fund LP
Attn: Nat Klipper
510 LaGuardia Place, 5th Floor
New York, NY 10012

Andrea Laufman
7265 E Whitethorn Cir
Scottsdale, AZ 85266

Blackpool Absolute Return Fund LLC
c/o J Douglas Ralston
318 Half Day Road, Suite #291
Buffalo Grove, IL  60089

Allan & Jacqueline Coleman
c/o Mr. Allan Coleman
1981 Partridge Lane
Highland Park, IL 60035

Blackpool Absolute Return Fund LLC
c/o J Douglas Ralston
3633 Driftwood Drive
Long Grove IL 60047

Blackpool Partners LLC
c/o J Douglas Ralston
318 Half Day Road, Suite #291
Buffalo Grove, IL  60089

Blackpool Partners LLC
c/o J Douglas Ralston
3633 Driftwood Drive
Long Grove, IL 60047

Bradley S. Glass
525 Carriage Way
Deerfield, IL 60015

BMR Funding, Inc.
Attn: Operations
2 Greenwich Plaza, 1st. Floor
Greenwich, CT 06830

Bronwyn & Kenneth Jacobson
3832 Brittany Rd.
Northbrook, IL 60062-2104

Charles C. Harrold III
c/o Thomas Wolford
Neal Gerber Eisenberg LLP
Two North LaSalle St., Suite 2200
Chicago, IL 60602

Contrarian Funds, LLC
Attn: Alisa Mumola
411 West Putnam Ave., Ste. 425
Greenwich, CT 06830

David L Larocque
PO Box 1396
North Riverside, IL 60546

David & Robin Veres
c/o Alpha Fiduciary, Inc.
7010 E. Chauncey Lane #130
Phoenix, AZ 85054

DBAFKF Partnership
c/o Diane Debbie Barnes
7 Court of Bucks County
Lincolnshire, IL 60069

Erika Colbrum Revocable Trust
c/o Alpha Fiduciary, Inc.
7010 E. Chauncey Lane #130
Phoenix, AZ 85054

Esther Lori Sussner and Peter Brown, Co-Executors of the Estate of Fredric M. Racenstein
c/o Kurzman Eisenberg Corbin & Lever, LLP
One North Broadway, Suite 1004
White Plains, NY 10601

Founding Partners Stable-Value Fund L.P.
c/o Roy S. Kobert, P.A.
Broad & Cassel
P.O. Box 4961
Orlando, FL 32802-4961

Founding Partners Stable-Value Fund L.P.
c/o Daniel Newman, Esq.
Nelson Mullins Riley & Scarborough LLP
2 South Biscayne Blvd., 21st Floor
Miami, FL 33131

Garondah Partners
c/o Stacy Tabachnik
930 Fisher Lane
Winnetka, IL 60093

Hal B Dunne
25 E.Superior St., Apt. 4402
Chicago, IL 60611

Jennifer Stone
551 Monroe Avenue
Glencoe, IL 60022

Joseph H. Wein
c/o Wein Family Office
1550 W. Carroll Ave.
Chicago, IL 60607-1012

JPL LIF,LLC
111 West Jackson Blvd. 20th Floor
Chicago, IL 60604

LIF Mallard Drive Partnership
Ms. Marla Patzik
2165 Mallard Drive
Northbrook, IL 60062

Marianne Reinisch
c/o Deborah Reinisch
70 E. 10th Street, #17S
New York, NY 10003

Matthew Kaplan
Stone-Kaplan Investments
1033 Skokie Blvd., Suite 310
Northbrook, IL 60062

Michael LaRocque
3005 N. Honore St.
Chicago, IL 60657

Mosaic Capital Fund LLC
c/o Lombard International Life Assurance
Company, its Sole Member
One Liberty Place
1650 Market Street, 54th Fl.
Philadelphia, PA 19103

Ozcar Multi Strategies LLC Class C#1
BNP Paribas Securities Corp..
Equity Derivatives
787 Seventh Ave., 8th Fl.
New York, NY 10019

JSW Investors Fund LP
c/o Wein Family Office
1550 W. Carroll Ave.
Chicago, IL 60607-1012

Latta Family Trust
Laurence Latta
1010 Westridge Drive
Portola Valley, CA 94028

Marcie Mervis GST Exempt Trust
Marcie Hemmelstein
2500 W Arthington St.
Chicago, IL 60612

Martin S. Kraar
c/o Michael N. Newmark
Bryan Cave LLP
211 N. Broadway, Ste. 3600
St. Louis, MO 63102

MN Funding US, LLC
c/o Farallon Capital Management LLC
One Maritime Plaza, Suite 2100
San Francisco, CA 94111

Michael & Jody Recentatein
c/o Alpha Fiduciary, Inc.
7010 E. Chauncey Lane #130
Phoenix, AZ 85054

Oakdale Partnership
c/o Deborah Reinisch
70 E. 10th Street, #17S
New York, NY 10003

Ozcar Multi Strategies LLC Class C#1
for the benefit of ZCALL LLC
c/o Zcall LLC
250 Royal Palm Way, Ste. 201
Palm Beach, FL 33480

Passen Investments, Inc.
1895 Watercress Way
Highland Park, IL 60035

Paul D. Friend Trust
Stephen D. Friend, Trustee
220 S. Collier Blvd. # 202
Marco Island, FL 34145

Pioneer Funding Group II, LLC
Greeley Square Station
P.O. Box 20188
New York, NY 10001

Richford Partnership
c/o Deborah Reinisch
70 E. 10th Street
#17S
New York, NY 10003

Robert & Nancy Shostak
25 Larguita Lane
Portola Valley, CA 94028

Robert Scot Building Venture G.P.
c/o Robert Harris
PO Box 437
Glencoe, IL  60022

Rodger Sanders
Highland Homes
5601 Democracy, Suite 300
Plano, TX 75024

Ronald Caras
1425 Volte Road
Northbrook, IL 60062

Sandra Marks
812 Bayport
Longboat Key, FL 34228

SHR Holdings, LLC
c/o Greenberg Traurig, LLP
Attn: Nancy Peterman/Ethan Ostrow
77 W. Wacker Drive, Ste. 3100
Chicago, IL 60601

Special Situations Investment Fund L.P.
c/o MIO Partners, Inc.
245 Park Ave 13th Floor
New York, NY 10167

Stanford Reinisch
Trustee Insurance Trust dtd 6/2078
c/o Deborah Reinisch
70 E. 10th Street, #17S
New York, NY 10003

Stanford Reinisch
c/o Deborah Reinisch
70 E. 10th Street, #17S
New York, NY 10003

RBS Citizens, N.A.
c/o Douglas J. Lipke
Vedder Price P.C.
222 N. LaSalle St., Suite 2600
Chicago, IL 60601

Stephanie A. Harrold
c/o Neal Gerber & Eisenberg LLP
Attn: Thomas C. Wolford
2 N. LaSalle St.
Chicago, IL 60602

Stephen D. Friend
Custodian for Jeffrey Friend
220 S. Collier Blvd. # 202
Marco Island, FL 34145

Steven Tumen
c/o Equitec Group, LLC
111 W. Jackson Blvd, Suite 2000
Chicago, IL 60604

Sue Warner Trust
2500 Indigo LN Unit 429
Glenview, IL 60026

Susan Wein Revocable Trust
c/o Wein Family Office
Attn: Carolyn Chin
1550 W. Carroll Ave
Chicago, IL 60607-1012

TCS Global Holdings LP
c/o TCS Group LLC
650 Dundee Rd., Ste. 450
Northbrook, IL 60062

TRC Master Fund LLC
Attn: Terrel Ross
PO BOX 633
Woodmere, NY 11598

Stillwater Matrix Fund LP
c/o Lisa Brah
Stillwater Capital
41 Madison Ave., 29th Floor
New York, NY 10010

Silver Point Capital Fund, L.P.
Attn: Operations
2 Greenwich Plaza, lst Floor
Greenwich, CT 06830

TCS Global Holdings LP
c/o TCS Group LLC
1 North Wacker Dr.
Chicago, IL 60606

Lionheart L.P.
David Kite
Free Market Ventures
160 N. Wacker Drive, 4th Floor
Chicago, IL 60606

The Bruce Passen Living Trust
1895 Watercress Way
Highland Park, IL 60035

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| In re: | ) | Chapter 7 |
| | ) | |
| Lancelot Investors Fund II, L.P., | ) | Case No. 08-28226 |
| | ) | |
| | ) | Honorable Jacqueline P. Cox |
| Debtor. | ) | |
| | ) | |

**TRUSTEE'S MOTION TO AUTHORIZE SECOND INTERIM
AND PARTIAL DISTRIBUTION TO CREDITORS AND FOR
<u>COMPENSATION TO TRUSTEE UNDER SECTION 326(A)</u>**

Ronald R. Peterson, not individually but as the chapter 7 trustee (the "Trustee") of Lancelot Investors Fund II, L.P. ("Lancelot II"), hereby moves this Court (the "Motion") for approval of a second interim distribution from Lancelot II's estate to all creditors with outstanding proofs of claim against Lancelot II's estate; and for interim compensation to the Trustee under section 326(a) of the Bankruptcy Code. In support of the Motion, the Trustee states as follows:

**JURISDICTION AND VENUE**

1. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §1334. This is a core proceeding pursuant to 28 U.S.C. §157(b)(2)(A),(M) and (O), and this Court may enter a final order with respect thereto because the Trustee's property interests at issue are in the *custodia legis* of this Court. The Trustee consents to this Court entering a final order on the Motion.

2. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

3. This Motion is made pursuant to 11 U.S.C. §§ 363(b) and 726.

**BACKGROUND**

4. On October 20, 2008 (the "Petition Date"), Lancelot II, and numerous other related entities, filed their bankruptcy petitions. Ronald R. Peterson subsequently was appointed Trustee of Lancelot II's bankruptcy estate.

5.     Lancelot II's collapse affected numerous individuals and entities. In total, 94 proofs of claim were filed, collectively asserting over $400 million against Lancelot II's estate. (*See generally* Claims Docket.) During the course of Lancelot II's bankruptcy case, the Trustee, through orders of this Court, has reduced the claim pool to 71 claimants and approximately $154.5 million in claims.

6.     Lancelot II's claim pool consists of no secured or priority creditors and only one unsecured creditor—the State of New Jersey, who already has received a 100% distribution on its claim. The remaining creditors are all former investors of Lancelot II.

7.     On October 25, 2016, this Court approved the Trustee paying off the State of New Jersey in full and making an approximately 3.6% distribution to Lancelot II's other creditors. (Dkt. 136.)

8.     Presently, the Trustee has approximately $12.7 million potentially available for distribution to Lancelot II's unsecured creditors.

### RELIEF REQUESTED

9.     By this Motion the Trustee seeks to make a second interim distribution to Lancelot II's creditors. Attached to this Motion as Exhibit A is a chart showing: (i) each creditor who holds an outstanding proof of claim against Lancelot II's estate; (ii) the corresponding proof of claim number; (iii) the creditor's allowed claim amount; and (iv) the amount the Trustee proposes to distribution to that creditor pursuant to this Motion. Specifically, the Trustee proposes to make a *pro rata* interim distribution of approximately 7.1% to creditors. In total, the Trustee proposes to make a distribution of $11 million.

10.    In addition, the Trustee seeks authorization to use $726,826.10 in proceeds of the Lancelot II estate to satisfy the Trustee's §326(a) commission based on the amounts the Trustee

has disbursed from the estate from the Petition Date through and including September 30, 2018 as well as the Trustee's proposed distribution in this Motion.

11.     The Trustee has provided the US Trustee's office with notice of the Trustee's proposed payments, and they have no objection to the relief the Trustee seeks.

**ARGUMENT**

*The Interim Distribution to Creditors is Appropriate*

12.     It is well-established that a chapter 7 trustee may, but does not have to, make an interim distribution to creditors.  *See, e.g.*, *In re Energy Co-op.*, 173 B.R. 363, 372 (Bankr. N.D. Ill. 1994); *Livecchi v. Gordon*, 2014 WL 10713749, at *3 (W.D.N.Y. July 16, 2014) ("Interim distributions are permitted by bankruptcy law and Trustee filed the proper materials requesting the distribution.  Therefore, the Bankruptcy Court did not err in awarding the interim distribution…."); *In re Flamingo 55, Inc.*, 2006 WL 2432764, at *3 (D. Nev. Aug. 21, 2006) (affirming bankruptcy court's approval of interim distribution to unsecured creditors); *In re Inspire Ins. Solutions, Inc.*, 350 B.R. 727, 732 (Bankr. N.D. Tex. 2006) (approving interim distribution to creditors).

13.     Here, the Trustee currently holds, on behalf of Lancelot II, approximately $12.7 million that might be distributed to creditors.  For several reasons, the Trustee believes that it is in the best interest of Lancelot II's estate to distribute $11 million of that amount.

14.     *First*, the Trustee believes he can make the proposed distribution and retain sufficient funds to continue operating Lancelot II's estate, including the timely payment of administrative expenses.

15.     *Second*, the Trustee anticipates receiving additional, significant funds on account of Lancelot II from further recoveries in the Tom Petters bankruptcy cases.  Consequently, the Trustee believes the proposed distribution poses no risk to the Trustee's ability effectively to administer Lancelot II's estate going forward.

16. *Third*, keeping the funds in a bank account actually will result in a diminution of those funds. Every month the Trustee is charged bank service fees based on how much money currently sits in Lancelot II's account. Approving the Trustee's proposed distribution will save Lancelot II the significant expense that otherwise would be incurred if the funds remained in the bank account. *See Livecchi*, 2014 WL 10713749, at *3 ("By allowing interim distributions, Trustee is able to avoid the accumulation of bank fees on the total of the estate's assets.")

17. *Fourth*, given that the Trustee believes he is in a position to make an interim distribution, the Trustee does not wish to make creditors wait until Lancelot II's case is ready to be closed to receive a distribution because it is difficult, if not impossible, to predict when that will occur. This uncertainty stems in large part to the fact that the Trustee cannot close Lancelot II's estate until Lancelot II has received its full distribution from the Petters bankruptcy estate—an event over which the Trustee has very little control of timing. The Trustee does not wish to make creditors wait potentially years longer for payment, when the Trustee has Lancelot II's estate in a position to make a sizeable payment now. *Livecchi*, 2014 WL 10713749, at *3 (noting that "interim distributions allow creditors to receive at least partial payment instead of being required to wait for years for any kind of payout.")

*The Payment of the Trustee's Interim Commission Under §326(a) is Appropriate*

18. Section 326(a) of the Bankruptcy Code provides that the court may order "reasonable compensation" to the Trustee in accordance with the following scale of "all moneys disbursed or turned over in the case by the trustee to parties in interest, excluding the debtor, but including holders of secured claims": 25% of the first $5,000 disbursed, 10% of amounts between $5,000.01 and $50,000, 5% of amounts between $50,000.01 and $1 million, and 3% of all amounts greater than $1 million.

19.    Here, between the Petition Date and September 30, 2018 (the date the Trustee has obtained Court approval for the reallocation of assets and expenses for Lancelot II), and including the proposed distribution in this Motion, the Trustee will have made $24,452,536.50 in disbursements for the purposes of §326(a). Under §326(a)'s statutory compensation structure, the Trustee is entitled to reasonable interim compensation of $756,826.10. Such compensation is reasonable given the Trustee's efforts in this case. When the Trustee was appointed Lancelot II had almost no liquid assets. Almost all of its assets were tied up in the Petters Ponzi scheme or in eclectic real estate ventures entered into just before the Great Recession. Under the Trustee's guidance, however, Lancelot II's estate has collected over $26.4 million through litigation and the careful sale of Lancelot II's real estate holdings. The Trustee believes that his efforts fully support an award of interim compensation in line with the provisions of §326(a).

## NOTICE

20.    Notice of this Motion has been given to: (a) the Debtors; (b) the United States Trustee for the Northern District of Illinois; and (c) all parties set up to receive notice through the Court's ECF filing system; and (d) all creditors who currently have a proof of claim pending against Lancelot II.

WHEREFORE, for all the foregoing reasons, the Trustee respectfully requests that this Court enter an order substantially in the form attached hereto.

Dated:  November 21, 2019

Respectfully submitted,

RONALD R. PETERSON, as Chapter 7 Trustee for Lancelot Investors Fund II, L.P., et al.

By: /s/ *Ronald R. Peterson*
      One of his attorneys

Ronald R. Peterson
Landon S. Raiford
Jenner & Block LLP
353 N. Clark Street
Chicago, IL 60654-3456
Phone: (312) 222-9350
Facsimile: (312) 527-0484

Attorneys for Trustee